UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-401 CAS (SSx) | Date | February 25, 2011 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOC. v. MARTHA LOPEZ, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present                           Not Present

**Proceedings:**      (In Chambers): MOTION TO REMAND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 7, 2011, is hereby vacated, and the matter has been taken under submission.

## I.   INTRODUCTION

On December 23, 2010, plaintiff filed an unlawful detainer action against defendant in Los Angeles County Superior Court. On January 13, 2011, defendant removed the action to federal court. On January 28, 2011, plaintiff filed a motion to remand this action to state court. Defendant has not filed an opposition to the motion in accordance with Local Rule 7-9, which requires opposition to be filed not later than 21 days before the date of the hearing on the motion. Having carefully considered the parties' filings, the Court finds and concludes as follows.[1]

## II.   LEGAL STANDARD

Civil actions brought in a state court generally may be removed to a federal district court when the district court has original jurisdiction that arises under the laws of the United States. 28 U.S.C. § 1441(b). 28 U.S.C. § 1446(b) requires notice of removal to

---

[1] The Court GRANTS plaintiff's request for judicial notice with respect to Exhibit 2. See Request for Judicial Notice in Support of Motion to Remand at 1. Because this order does not rely on Exhibit 1 of said request, the Court DENIES as moot plaintiff's request as to Exhibit 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV 11-401 CAS (SSx) | Date | February 25, 2011 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOC. v. MARTHA LOPEZ, ET AL. | | |

be filed within thirty days (30) of receipt, by the defendant, of the initial pleading setting forth the claim for relief.  A defendant may remove a case to federal court if either the plaintiff's claim establishes a federal question or the court may properly exercise diversity jurisdiction.  See 28 U.S.C. §§ 1331 & 1332.

If a defendant seeks to remove a case to federal court on federal question grounds, "the federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  It is immaterial that a federal question may arise in connection with a defendant's defense.  See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983) ("For better or worse . . . a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law.").  It is also immaterial that a counterclaim, cross-claim, or third party claim may raise a federal question.  See Redevelopment Agency of City of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) (citing Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998)).

Alternatively, a defendant may remove the case if the case originally may have been brought in federal court pursuant to the court's diversity jurisdiction.  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563 (2005).  Jurisdiction founded on diversity requires that the parties be in complete diversity and that the amount in controversy exceed $75,000.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1).  Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant.  28 U.S.C. §§ 1332(a), 1332(c)(1).  Even where there exists complete diversity between the parties, removal is proper only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

### III.  DISCUSSION

Plaintiff argues that the case should be remanded because both federal question and diversity jurisdiction are lacking.  Mot. at 3-4.  Defendant's notice of removal seems to argue that the action arises under federal law because defendant demands the original blue-inked promissory note.  See Notice of Removal at 2:1-6.  However, as the federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 11-401 CAS (SSx) | Date | February 25, 2011 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOC. v. MARTHA LOPEZ, ET AL. | | |

question must be disclosed upon the face of the complaint, defendant's demand fails to show the existence of a federal question.  See Lockyer, 375 F.3d at 838.  The complaint attached as Exhibit 1 to defendant's notice of removal indicates that the underlying action is for unlawful detainer, an action arising exclusively under Cal. Civ. Proc. Code § 1161a.  Mot. at 2:25.  McGee v. Seagraves, No. 06-CV-0495-MCE-GGH-PS, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006) (holding a federal court has no jurisdiction over unlawful detainer actions, which are strictly within the province of state court).  Defendant therefore may not remove on federal question grounds.

Plaintiff also contends that diversity jurisdiction is lacking because the amount in controversy does not meet the jurisdictional minimum of $75,000.  Mot. at 2:21-23.  Where it is not evident from the face of the complaint that the amount in controversy exceeds $75,000, the party seeking removal must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  See Valdez v. Allstate Insurance Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting Matheson, 319 F.3d 1089, 1090 (9th Cir. 2003)).  Plaintiff's complaint states that the amount demanded does not exceed $10,000.  Complaint at 1.  Defendant simply states her belief that the amount in controversy exceeds $95,000.  Notice of Removal at 2:20.  This assertion fails to show that the amount in controversy exceeds $75,000.

Further, even assuming that the threshold amount in controversy could be met in this instance, defendant appears to be a citizen of California.  Notice of Removal at 2:8-12.  Actions "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  The so-called "'forum defendant' rule reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from" the state in which the district court sits.  Spencer v. U.S. Dist. Court for Northern Dist. of Ca., 393 F.3d 867, 870 (9th Cir. 2004) (internal quotations and citation omitted).  As the amount in controversy does not exceed $75,000, and as defendant appears to be a forum defendant, defendant cannot establish diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-401 CAS (SSx) | Date | February 25, 2011 |
|---|---|---|---|
| Title | FEDERAL NATIONAL MORTGAGE ASSOC. v. MARTHA LOPEZ, ET AL. | | |

## IV. CONCLUSION

Based on the foregoing, the Court REMANDS the instant action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |